## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case Nos.  CR-02-0068-F |
| | ) | CIV-05-0458-F |
| JOSE ANTONIO NAVARRO, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the court is defendant, Jose Antonio Navarro's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody, filed April 22, 2005 (docket entry no. 102).[1]  Plaintiff, United States of America, has responded to the motion, and defendant has replied thereto.  Upon due consideration of the parties' submissions, the court makes its determination.

On December 9, 2002, defendant entered a plea of guilty to a two-count Superseding Information filed in open court that same day, charging defendant with manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).   In the written plea agreement also filed in open court on December 9, 2002, defendant waived his right to appeal or collaterally challenge his

---

[1]On April 22, 2005, defendant filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody.  Although the title of defendant's application reflected a request for leave to file a second or successive motion under section 2255, the record reflected and defendant's application specifically referred to the application as actually being defendant's first motion under section 2255. On April 27, 2005, the court entered an order construing defendant's application as a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody. *See*, April 27, 2005 order, docket entry no. 105.

guilty plea and any other aspect of his conviction, and his sentence and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the court to apply to the case. *See*, Plea Agreement, p. 6, ¶¶ 8, 8(a) and 8(b) (docket entry no. 55).

During the plea hearing, the court discussed the waiver of appellate and collateral review rights in the plea agreement with defendant. *See*, Transcript of Plea Proceedings held on December 9, 2002, p.16, l. 25, p. 17, ll.1-25, p. 18, ll. 1-25, and p. 19, ll. 1-21. This was not a perfunctory colloquy. As the cited pages of the transcript of the plea proceedings reveal, the court explained the waivers (including the waiver of collateral challenge) to the defendant at considerable length. The defendant was questioned as to his understanding of the waivers. The court explained important features of the waivers to the defendant in lay terms. *See*, *e.g.*, Transcript of Plea Proceedings held on December 9, 2002, p.17, ll. 18-25, p. 18, ll. 1-25, p. 19, ll. 1-4.

In addition, the  plea agreement specifically provided that "[t]he maximum penalty which could be imposed as a result of the plea on Count 1 is not more than 20 years imprisonment" and "[t]he maximum penalty which could be imposed as a result of the plea on Count 2 is not more than 10 years imprisonment. . . ." *See*, Plea Agreement, ¶ 3. It also provided that the court is not obligated to confine its judgment to the "stipulations, agreements, or recommendations" of the parties; that defendant "understands that a sentencing guideline range for his case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission;" that defendant "understands that the Court has jurisdiction to impose any sentence within the statutory maximum for the offenses to which he is pleading;" that "the sentence to be imposed upon defendant is within the sole discretion of the Court;" and that "[t]he United States reserves the right to inform the Probation Office and the Court of . . . the nature and extent of defendant's activities with respect to this case and all

other activities of defendant which the United States deems relevant to sentencing." *Id.*, ¶¶ 7,8 and 17.

On August 28, 2003, defendant was sentenced by the court to a term of imprisonment of 293 months.  The sentence consisted of a term of 240 months as to count 1 of the Superseding Information charging defendant with manufacturing methamphetamine and a term of 120 months for count 2 of the Superseding Indictment charging defendant with being a felon in possession of a firearm and ammunition, 53 months of which to run consecutively to the term imposed as to count 1.  Judgment was entered on August 28, 2003.

A direct appeal was filed by defendant.  Plaintiff moved to dismiss the appeal based on defendant's waiver of appeal in the plea agreement.  In response to plaintiff's motion, defendant claimed that plaintiff had breached the plea agreement by recommending sentencing enhancements that would result in a sentence in excess of 240 months.  The Tenth Circuit dismissed defendant's appeal in an order and judgment filed on April 21, 2004, finding that plaintiff had not breached the plea agreement.  *See*, United States v. Navarro, 2004 WL 848612 (10th Cir., April 21, 2004).

In his  motion, defendant seeks to vacate or set aside his sentence under § 2255 on the grounds that (1) the enhancements imposed under the Sentencing Guidelines were improper under the Sixth Amendment, citing United States v. Booker, 125 S.Ct. 738 (2005), and the court had no jurisdiction to impose them; (2) the imposition of a portion of his sentence on count 2 to run concurrently and a portion of his sentence to run consecutively resulted in a disparity of sentences between co-defendants in violation of 18 U.S.C. § 3553(b) and USSG § 5K2.0; (3) the imposition of an enhanced sentence under USSG § 4B1.1 was improper and in violation of the Fifth Amendment and plea agreement; and (4) defendant received ineffective assistance of counsel in violation of the Sixth Amendment during plea negotiations and at

-3-

sentencing.  As to the last ground, defendant specifically alleges that his trial counsel was ineffective in (1) failing to file objections to the enhancements proposed in the the presentence investigation report; (2) failing to effectively argue those objections at sentencing; (3) failing to adequately argue those issues on direct appeal; and (4) failing to explain that his sentence would be enhanced.

Upon review, the court finds that defendant's § 2255 motion should be dismissed.  The court finds that defendant has waived his right to collateral review. In <u>United States v. Cockerham</u>, 257 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002), the Tenth Circuit held that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and waiver were knowingly and voluntarily made."[2]  The waiver is not enforceable "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful."  *Id*. at 1182.  In addition, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."  *Id*. at 1187.  However, "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."  *Id*.

Defendant has alleged that he received ineffective assistance of counsel in that his trial counsel failed to file objections to the enhancements proposed in the presentence investigation report; failed to effectively argue those objections at sentencing; and failed to adequately argue those issues on direct appeal.  These ineffective assistance of counsel claims, however, do not relate to the validity of the plea agreement and waiver of collateral review rights.  These claims relate to

---

[2] In <u>Cockerham</u>, the Tenth Circuit ruled that defendant's claims of ineffective assistance of counsel relating to sentencing on drug convictions were waived.  <u>Id.</u> at 1187.

counsel's conduct after defendant's guilty plea was entered.  Allegations as to trial counsel's conduct *after* the plea was entered do not indicate that the entry of the defendant's plea of guilty the related waiver of his collateral review rights were involuntary and unknowing.  United States v. Ellis, 2005 WL 1189830 at  *2 (10th Cir., May 20, 2005); United States v. Kerns, 2002 WL 31820953, at *2 (10th Cir., December 17, 2002).  Moreover, as these claims do not challenge the validity of the plea and waiver, they are waived, so long as defendant knowingly and voluntarily entered the plea and made the waiver.  Cockerham, 237 F.3d at 1187.  Likewise, the claims of disparity in sentencing and enhanced sentencing under USSG § 4B1.1are also waived, so long as defendant knowingly and voluntarily entered the plea and made the waiver.

The court concludes that defendant's plea and waiver were knowing and voluntary.  It is clear from the plea agreement and defendant's statements at the plea hearing that defendant's plea and waiver were knowing and voluntary.  *See*, Plea Agreement, p. 6, ¶¶ 8, 8(a) and 8(b) (docket entry no. 55); Transcript of Plea Proceedings held on December 9, 2002, p.16, l. 25, p. 17, ll.1-25, p. 18, ll. 1-25, and p. 19, ll. 1-21.  In light of the waiver provision in the plea agreement, the court concludes that defendant's claims of ineffective assistance of counsel as to his counsel's alleged errors after defendant's guilty plea was entered are waived, as well as his claims of disparity in sentencing and enhanced sentencing under USSG §4B1.1.[3]

Defendant has also alleged that his counsel was ineffective because his guilty plea was not well-informed.  Defendant contends that his trial counsel did not explain to him during plea negotiations that his sentence would be enhanced.  Prior to

---

[3]The court notes that defendant's sentence was not imposed under USSG § 4B1.1. Defendant's criminal history category was calculated under USSG § 4A1.1.  *See*, Presentence Investigation Report,¶¶ 60-79, pp. 13-21.

sentencing, defense counsel stated on the record that "[a]t the present time, I presume he's looking at 240 months incarcerated in the federal system. . . ." *See*, Transcript of Sentencing, Vol. II of II, August 28, 2003, p. 41, ll. 6-7.   After defendant was sentenced to 293 months, defense counsel stated, "[p]ursuant to our meeting with the prosecutor in late November of 2002 and pursuant to entering into the plea agreement, it was clearly my understanding, and my advice to my [client], that Count 2 would merge into Count 1 and that his maximum exposure was not more than [240 months], and that was my understanding when [defendant] entered the plea here before the Court . . . [I]f I have misunderstood what the plea agreement was and have communicated that to my client, I want that to go on the record." *Id.*, p. 49, ll. 5-10. However, trial counsel's estimate regarding the length of defendant's expected sentence was merely a prediction of defendant's sentence and such prediction is insufficient to render the plea involuntary. <u>Fields v. Gibson</u>, 277 F.3d 1203, 1214 (10th Cir. 2002) ("'An erroneous sentence estimate by defense counsel does not render a plea involuntary . . . . And a defendant's erroneous estimate, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.'") (quoting <u>Wellnitz v. Page</u>, 420 F.2d 935, 936-37 (10th Cir. 1970)).

There is no indication in the record that defense counsel's estimate of the sentence, if he provided such an estimate, was provided on the basis of an agreement or assurance of any kind from the court or from the prosecutor.  Nowhere in the plea agreement is there a statement that defendant's sentence would not exceed 240 months.  The plea agreement specifically informed defendant that the sentence to be imposed was within the sole discretion of the court. *See*, Plea Agreement, p. 12, ¶ 17. Furthermore, during the plea hearing, the court specifically questioned defendant as to whether he understood that the sentence imposed by the court may be different from any estimate his attorney may have given him and defendant answered in the

affirmative.  *See*, Transcript of Plea Proceedings, p. 15, ll. 21-25, p. 16, ll. 1-4. [4]
Finally, the Tenth Circuit specifically found that plaintiff did not breach the plea
agreement by recommending sentencing enhancements that could cause defendant's
sentence to exceed 240 months.  For these reasons, the court concludes that
defendant's allegations of ineffective assistance of counsel in plea negotiations, based
on an asserted failure of counsel to explain to defendant that his sentence would be
enhanced, do not speak to the voluntariness or validity of his guilty plea or the
associated express waiver.  The court concludes that they are insufficient to overcome
the enforcement of defendant's waiver.

Defendant has also alleged that all the enhancements imposed under the
Sentencing Guidelines were improper under the Sixth Amendment, citing United
States v. Booker, 125 S.Ct. 738 (2005), and that the court had no jurisdiction to
impose them.  However, the court concludes that defendant's Booker claim is also
within the scope of the waiver.  The plea agreement provides that defendant's waiver
of rights to bring collateral challenges shall not apply to "challenges based on changes
in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of
this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive
effect."  *See*, Plea Agreement, ¶ 8(c).  In United States v. Bellamy, __ F.3d __, 2005
WL 1406176 (10th Cir., June 16, 2005), the Tenth Circuit held that "*Booker* does not
apply retroactively to criminal cases that became final before its effective date of
January 12, 2005."  *Id*. at *1.  The court stated that "like *Blakely*, *Booker* does not
apply retroactively on collateral review, and [defendant's] claim may not be brought

---

[4] Viewing the matter in the light urged by defendant, it is inexplicable that defendant and
his counsel, a veteran criminal defense lawyer, would have agreed to resolve this case on the basis
of the filing of a two-count superseding information, filed in lieu of the original indictment.  Count
I of the superseding information, alone, was sufficient to support a 240 month sentence.  The notion
that plea negotiations would lead to the filing of a two-count superseding information, with an
understanding "that Count 2 would merge into Count 1," Sentencing Transcript, Vol. II, at 49, with
a resultant 240-month maximum exposure, is simply not plausible and flies in the face of the very
purpose for which superseding informations are filed.

in this initial habeas review under 28 U.S.C. § 2255.  *Id*. at *4.  Defendant's conviction was final when the time expired for filing a petition for certiorari from the Tenth Circuit's dismissal of his appeal.  *See*, Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Burch, 202 F.3d 1274, 1276-79 (10th Cir. 2000).  Pursuant to Supreme Court Rule 13, that date was 90 days after April 21, 2004, or July 20, 2004.  Because defendant's conviction became final prior to the effective date of Booker and Booker does not apply retroactively on collateral review, the court finds that defendant's Booker claim is subject to the waiver of collateral review of his sentence.[5]

Based upon the foregoing, defendant, Jose Antonio Navarro's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody, filed April 22, 2005 (docket entry no. 102), is **DISMISSED**.

Entered this 5th day of July, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-0068p024(pub).wpd

---

[5]The court also concludes that the plea agreement, containing the waiver of collateral review, is not "otherwise unlawful," *see*, Cockerham, 257 F.3d at 1182, and therefore unenforceable simply because of the change Booker rendered in the sentencing landscape.  United States v. Porter, 405 F.3d 1136, 1144-1145 (10th Cir. 2005).